```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JANE DOE,

                Plaintiff,
                                            MEMORANDUM AND ORDER
        v.
                                            20-CV-5329(KAM)(CLP)
JOHN DOE,

                Defendant.
----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

The plaintiff initiated this diversity action in federal court on November 3, 2020, alleging that the defendant committed multiple torts against her, including sexual assault and battery. (*See generally* ECF No. 1, Complaint ("Compl.").) The plaintiff brought an *ex parte* motion seeking (1) to proceed with the case under a pseudonym, and (2) a protective order prohibiting the defendant from publicly identifying the plaintiff in future court filings. (ECF No. 2, Motion to Continue; ECF No. 2-2, Memorandum in Support ("Pl. Mot.").) On November 4, 2020, the court entered an Order that deferred ruling on the plaintiff's *ex parte* motion to use a pseudonym and for a protective order, directed the plaintiff to serve her motion on the defendant, directed the defendant to respond seven days thereafter, and prohibited the defendant from disclosing the plaintiff's identity pending the court's decision on the motion. (ECF Dkt. Order Nov. 4, 2020.)

1

In his response, the defendant did not oppose the plaintiff's request to proceed anonymously, and likewise moved to proceed anonymously. (ECF No. 9, Response and Cross-Motion; ECF No. 9-3, Memorandum in Support ("Def. Mot.").) Upon the defendant's motion, the court entered an Order on November 17, 2020 that temporarily replaced the defendant's name on the docket with "John Doe," and sealed the docket entries containing the names of the defendant, his ex-wife, and his minor child, and granted access for attorneys' eyes only (ECF Nos. 1, 2, and 9), pending decision on the parties' cross-motions. (ECF Dkt. Order Nov. 17, 2020.) The court also directed the parties to negotiate in good faith on the terms of a proposed protective order. (*Id.*) On November 20, 2020, the parties submitted a proposed protective order. (ECF No. 12, Joint Motion for Protective Order.)

Upon consideration of both the public interest in court proceedings and the factors set forth by the Second Circuit to be considered upon such motions, the plaintiff's motion and the defendant's motion to proceed anonymously are both GRANTED.

## Legal Standard

"[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public

interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). The Second Circuit has articulated the following "non-exhaustive" factors for courts to consider when determining whether a plaintiff may remain anonymous: (1) whether the litigation involves matters that are highly sensitive and personal; (2) whether identification poses a risk of retaliatory physical or mental harm to the plaintiff or, even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press her claims anonymously; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose her identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff. *Id.* at 189-90.

"[T]his factor-driven balancing inquiry requires a district court to exercise its discretion in the course of weighing competing interests[.]"  *Id.* at 190.  "[A] district court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion."  *Id.* at 191 n.4.

## Discussion

The court will consider the Second Circuit's *Sealed Plaintiff* factors in the context of both the plaintiff and the defendant here, while bearing in mind that the "common law right of public access to judicial documents is firmly rooted in our nation's history."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

### I.   Plaintiff's Motion

The defendant does not oppose the plaintiff's request to proceed anonymously (*see* Def. Mot. at 1), and the court finds that, applying the *Sealed Plaintiff* factors, the balance of interests weighs in favor of granting the plaintiff anonymity. The plaintiff has made sensitive and personal disclosures in her complaint, including that she availed herself of a website through which young women meet older men who are potential "sugar dadd[ies]," and that she contracted sexually-transmitted diseases as a result of the defendant's alleged tortious

4

conduct. (Compl. ¶¶ 6-7, 62.) The plaintiff has also provided a letter from a therapist whose "clinical opinion" is that the plaintiff "would be mentally and emotionally impacted if . . . her information is made public in this case" (ECF No. 2-1, Declaration of Jeffrey Lichtman, Ex. A), which weighs in favor of her anonymity under the second and third factors, see *Doe v. Weinstein*, No. 20-cv-6240, 2020 WL 5261243, at *4 (S.D.N.Y. Sept. 3, 2020) (a "general allegation of potential trauma is 'mere speculation'" unless there is "corroboration from medical professionals").

Furthermore, the court does not foresee any prejudice to the defendant, and the defendant does not assert any, if the plaintiff remains anonymous in court filings. The defendant acknowledges that he is aware of the plaintiff's identity (*see* Def. Mot. at 2-3), so even if the plaintiff's name is not disclosed in court filings, the defendant is not being anonymously accused by an unknown plaintiff. Should the defendant find that he needs to name the plaintiff or provide other personal details about her in court documents because those details are relevant to his legal arguments, he may seek leave from the court to file redacted versions of the documents with the unredacted versions filed under seal, as provided by the Eastern District of New York's local rules.

5

Moreover, the plaintiff represents that she has remained anonymous and has not made her allegations public prior to commencing this action. (Pl. Mot. at 7.) Finally, the court finds that there is not a strong public interest in the disclosure of the plaintiff's identity, beyond the standard public interest that applies to all court documents, given that neither party is a public figure.

Accordingly, the plaintiff's motion to proceed anonymously is granted.

## II. Defendant's Motion

The Second Circuit's *Sealed Plaintiff* factors were articulated in the context of a plaintiff who sought to proceed anonymously. However, courts have applied the same factors when a defendant moves to proceed anonymously. *See, e.g.*, *Malibu Media, LLC v. Doe No. 4*, No. 12-cv-2950, 2012 WL 5987854, at *4 (S.D.N.Y. Nov. 30, 2012); *Next Phase Distribution, Inc. v. Does 1-138*, No. 11-cv-706 KBF, 2012 WL 691830, at *1 (S.D.N.Y. Mar. 1, 2012) ("this Court sees no reason why" the *Sealed Plaintiff* factors would not apply "where a *defendant* sought to proceed anonymously") (emphasis in original).

The court finds that for many, if not more, of the same reasons that the plaintiff may proceed anonymously, the defendant should be able to do so as well. In opposing the defendant's motion, the plaintiff argues that the defendant

6

fails to meet the second *Sealed Plaintiff* factor, which is whether his identification poses a risk of retaliatory physical or mental harm, because the defendant has only provided an "unsupported assertion" that he would suffer mental harm if his name is disclosed, and such an assertion "is precisely the type that courts have routinely found to be an insufficient basis on which to grant an application to proceed anonymously." (ECF No. 11, Response ("Pl. Opp."), at 2-3); *see Weinstein*, 2020 WL 5261243, at *4; *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019) ("Plaintiff submits no evidence of continued harm, nor any evidence of the severity or likelihood of retaliation or any physical or mental harm.").

Though the court agrees that the defendant has not offered any evidence beyond his own sworn statement that he would suffer mental harm if he were identified, that is only one factor under *Sealed Plaintiff*, and the harm to "innocent non-parties" is also considered under that factor. The defendant's former spouse and minor child are innocent third parties who would be vulnerable to mental harm if his name is disclosed. Moreover, the court must consider and balance all of the applicable *Sealed Plaintiff* factors, which are non-exhaustive. The first factor, whether the litigation involves matters that are highly sensitive and personal, weighs in favor of allowing the defendant to also proceed anonymously. The defendant is

7

accused of meeting the plaintiff through a website that caters to potential "sugar dadd[ies]," then paying the plaintiff approximately $6,500 "for companionship and sex," transmitting two sexually-transmitted diseases to the plaintiff, and sexually assaulting her.  (Compl. ¶¶ 6-7, 62, 65.)

Even if the defendant has not provided medical documentation of the potential mental harm he would suffer if he were named, the court finds that the chance that he would suffer reputational harm is significant.  The defendant is a partner of a well-known law firm in New York and an adjunct law school instructor.  He is not alleged to have committed the tortious acts against a client, thus breaching his professional obligations and ethical canons, a circumstance which would present a stronger argument against allowing him to proceed anonymously.  Rather, the allegations relate solely to his personal conduct.

Courts have recognized the obvious reputational harm to a defendant who is accused of downloading pornography.  *See Malibu Media*, 2012 WL 5987854, at *4 ("This Court need not expound upon the many ways in which an association with pornography might irrevocably harm a defendant's reputation—regardless of the truth of the underlying allegations or eventual disposition of the litigation.").  Similarly, the allegations that the defendant used a website to find a sexual

8

relationship and companionship, and transmitted sexually-transmitted diseases, carry with them the clear potential for reputational harm, regardless of whether the defendant committed the sexual assault and battery he is accused of.

The sixth *Sealed Plaintiff* factor, whether the plaintiff would be prejudiced, also weighs in favor of allowing the defendant to proceed anonymously. The plaintiff has not provided any reason why she would be prejudiced if the defendant remains anonymous, though, as the defendant asserts, naming him may pressure him into a settlement. If the defendant were named, he would likely feel significant pressure to settle this case regardless of the merits of the plaintiff's allegations.

The seventh factor, whether the defendant's identity has thus far been kept confidential, also weighs in favor of his anonymity. Though the defendant's name appeared on the docket for approximately two weeks after the plaintiff filed her complaint, his name has not otherwise been associated with these allegations in the public media, as far as the court is aware. The plaintiff argues that the fact that the defendant's name appeared on the docket without the allegations becoming public suggests that it is unlikely that the press has taken an interest in the case. (*See* Pl. Opp. at 3.) However, it is not unlikely that the salacious nature of the allegations could result in the publication of the defendant's name, which would

9

permanently link him to these allegations, whether or not proven.

The eighth factor, whether the public's interest in the litigation is furthered by requiring the defendant to disclose his identity, likewise weighs in favor of the defendant proceeding anonymously. Neither the plaintiff nor the defendant are public figures. Though the court is mindful of the general public and media interest in all court proceedings, there is no special or heightened interest in the identities of parties who are not public figures. That makes this case different than, for example, the *Weinstein* case upon which the plaintiff relies. *See Weinstein*, 2020 WL 5261243, at *6 ("There is great public interest in not only the allegations against Weinstein, but also in the identities of his accusers, some of whom are also public figures.").

Overall, the considerations articulated by the Second Circuit weigh in favor of granting the defendant protection similar to the plaintiff. At this stage in the proceedings, if the plaintiff is allowed to proceed anonymously, as both parties agree she should be able to do, it would serve the interests of justice for the defendant to be able to do so as well, so that the parties are on equal footing as they litigate their respective claims and defenses. *See Doe v. City of New York*, 201 F.R.D. 100, 102 (S.D.N.Y. 2001) ("If we are to have a policy

10

of protecting the names of individual litigants from public disclosure, there is a very substantial interest in doing so on a basis of equality.").

### III. Scope of Protection

As discussed above, the names of both the plaintiff and the defendant should be protected from disclosure, and that protection should extend to the parties' personal identifiable information, their addresses, the names of their employers, and the names of their family members. Beyond protecting the parties' identities and the identities of their families, however, the rest of the docket should remain public. There is a strong presumption of public access to judicial documents "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice," and this "court must balance competing considerations against" that very strong presumption. *United States v. Amodeo*, 71 F.3d 1044, 1048, 1050 (2d Cir. 1995).

Here, the court finds that the appropriate balance is to protect the identities of the parties and their families, but to allow access to all of the documents in the litigation to which the public would usually have access. Accordingly, the court will continue to seal the documents that were temporarily

11

sealed (ECF Nos. 1, 2, and 9), but will order the parties to file redacted versions of all of those documents.

## Conclusion

For the foregoing reasons, both the plaintiff and the defendant may proceed with this case under pseudonyms. The plaintiff may proceed as "Jane Doe" and the defendant may proceed as "John Doe." The parties shall not name the other party, include personal identifiable information about the other party, include the other party's address or employer, or include the names of any family members in any public court filings.

Within seven business days of this Memorandum and Order, the plaintiff shall file a redacted complaint and exhibits that do not identify the parties (either by name or by disclosing personal identifiable information), in accordance with the restrictions set forth in this Memorandum and Order. Exhibit E, which was attached to the original complaint, was comprised of approximately 1,400 pages of text messages between the parties. That entire exhibit shall remain sealed for attorneys' eyes only, pending further order of the court. To the extent that specific text messages are referenced in the complaint, they shall be redacted and filed on the public docket as an exhibit to the redacted complaint. The plaintiff shall redact that Exhibit E and all other exhibits consistent with this Memorandum and Order. After the plaintiff files her

12

redacted complaint, the defendant shall respond to the complaint in accordance with the Federal Rules of Civil Procedure and the undersigned's individual practices.

Further, within seven business days of this Memorandum and Order, the parties shall also each file redacted versions of their motions and supporting papers, which were sealed. (ECF Nos. 2, 9.) The unredacted versions that were previously filed shall remain under seal.

The court will separately so-order the parties' joint proposed protective order. (ECF No. 12.)

Any future disputes regarding confidentiality and discovery are respectfully directed to Chief Magistrate Judge Cheryl Pollak.

**SO ORDERED.**

Dated:   Brooklyn, New York
         November 24, 2020

                                    /s/
                                    Hon. Kiyo A. Matsumoto
                                    United States District Judge